UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
……………………………………………………………X

Royal One Stop Supermarket Corp.

                      Plaintiff-Appellant          *COMPLAINT*
           -Against-                                   case #.

United States of America
United States Department of Agriculture,
Food and Nutrition Services,

                     Defendants-Respondents
……………………………………………………………X

# Complaint for Judicial Review and to Set Aside Final Agency Action, and for Declaratory Relief

Plaintiff-Appellant Royal One Stop Supermarket Corp. states by and through its undersigned counsel and pursuant to 7U.S.C.A. §2023, and sues the United States of America, and in particular the United States Department of Agriculture, Food and Nutrition Services, for Judicial Review and to set aside final Agency action, and states as follows:

1. This is an action to review a final agency decision of the U.S. Department of Agriculture ("USDA") Food and Nutrition Service ("FNS"). a store owner aggrieved by a final Agency determination "may obtain judicial review thereof by filing a complaint against the United States in the United States Court for the district in which it resides or is engaged in business ... requesting the court to set aside such determination." 7 U.S.C. § 2023(a) (13).

## JURISDICTION

2. This court has jurisdiction "under 28 U.S.C.A. §§ 2201 and 2202. Plaintiff has exhausted its administrative remedies.

## PARTIES

3. Royal One Stop Supermarket Corp., Plaintiff, -Appellant resides at, 1230 Jerome Ave, Bronx, NY 10452 (718) 410-9493, Bronx County, State of New York and located in Southern District of New York.

4. The United States Department of Agriculture ("USDA"), Food and Nutrition Service ("FNS"), is a federal agency with offices throughout the country, including State of New York.

**PRELIMINARY STATEMENT**

5. This Plaintiff -Appellant is seeking a judicial review of the Final Agency Decision of the USDA, FNS, to impose a six (6) month suspension on Plaintiff-Appellant Royal One Stop Supermarket Corp.'s, participation as an authorized retailer in the Supplemental Nutrition Assistance Program ("SNAP").

6. The controlling statute in this matter is contained in the Food Nutrition Act of 2008, as Amended (the "Act"), 7 U.S.C.AJ, 2021, and Title 7 of the Code of Federal Regulations ("CFR").

7. Royal One Stop Supermarket Corp., Plaintiff-Appellant is a New York State domestic corporation which sells food and other items to its customers. . Royal One Stop Supermarket Corp., Plaintiff-Appellant for many years has been authorized by the FNS to participate in the SNAP benefit program whereby vendors are allowed to accept SNAP benefits in exchange for food items, with the FNS reimbursing the vendors.

8. Royal One Stop Supermarket Corp., Plaintiff-Appellant appeals and seeks a judicial review of a USDA determination that Royal One Stop Supermarket Corp. accepted SNAP benefits in exchange for merchandise in the amount of $37.34 which in addition to eligible foods, included common ineligible non-food items

9. Royal One Stop Supermarket Corp., Plaintiff-Appellant respectfully submits that Royal One Stop Supermarket Corp. ("Royal" and/or "Royal One Stop") qualifies for a Civil Money Penalty ("CMP").

10. Royal One Stop Supermarket Corp., Plaintiff-Appellant respectfully submits it provided evidence below that it established and implemented an effective compliance policy, and program to prevent SNAP violations.

11. Royal One Stop's management program has from inception of SNAP instructed its personnel at the checkout counter to ensure that SNAP benefits are accepted as payment only for eligible food.

12. Royal One Stop's management at all times ha a store policy of preventing the use of SNAP benefits to pay for ineligible products.

13. For example, Royal One Stop provided evidence below it has policy statements posted at the cashier's station and specifically instructs its personnel that SNAP benefits do not include the following:

a) Products that contain alcohol or tobacco;
b) Items that are not intended for human consumption (e.g. paper products, pet foods, etc.)
c) Foods sold hot at the point-of-sale, and Vitamins and supplements

d) When considering the eligibility of vitamins and supplements, power bars, energy drinks and other branded products, the primary determinant is the type of product label chosen by the manufacturer to conform to Food and Drug Administration (FDA) guidelines:
e) Items that carry a nutrition facts label are eligible foods Items that carry a supplement facts label are classified by the FDA as supplements, and are therefore not eligible.

14 The "Charging Letter" dated April 2, 2019 is in the amount of $37.34 which in addition to eligible foods, included common ineligible non-food items for the period July 17, 2018 to July 26, 2018.

The contents of the $37.34 Charging Letter is arrived at as follows:
(a) Exhibit "B" Dated 7/19/18 Total purchase of $6.57; Bag of Beans and bottle of Rose Water
(b) Exhibit "C" Dated 7/22/18 Total purchase of $12.68; Bag of Beans and bottle of Palm Oil; Pita Bread
(c) Exhibit "D" Dated 7/24/18 Total purchase of $5.59; Bag of Beef; Toilet Paper
(d) Exhibit "E" Dated 7/25/18 Total purchase of $17.56; Bag of Beef; Spaghetti; Coffee; Air wick; Toilet Paper
(e) Exhibit "F" Dated 7/26/18 Total purchase of $12.50; Ovaltine; can of (sic) illegible; Toilet Paper; (f) It is noted by the Investigator that in Exhibit "G" the store clerk firmly declined to enter into trafficking suggested by the Investigator, and gave him the toilet paper for free; it was not purchased on 7/26/18.

15. Trafficking is one of the most serious forms of SNAP fraud, it does divert federal funds from their intended purpose. It was suggested by your Investigator in Exhibit "G" but was rapidly rejected by Royal One Stop's cashier as noted in your Investigator's Report of 7/26/18.

**Documentation provided under CFR Section 278.6(i) (1) to support request a Civil Money Penalty ("CMP") in lieu of a 6 Month Suspension.**

16. <u>Firstly</u>, a Policy Statement was provided to employees and posted at Cashier's Station prior to our Cashier, on July 26, 2018 refusing to enter into a cash trafficking proposal with your investigator which is contained in Exhibit "G" a copy of which's annexed hereto. <u>Secondly</u>, as Exhibit "G" documents, Royal One Stop's cashier obviously knew of the Management's SNAP Policy Statement (SNAP benefits are accepted as payment only for eligible food) because he refused to engage in cash trafficking with your investigator. See, Exhibit "G" which fact is undisputed and acknowledged by the investigator's report.

<u>Thirdly,</u> we trained our employee properly, as without hesitation, there was a rapid refusal to engage in cash trafficking with your investigator who appeared to be a customer.

17. Royal One Stop plaintiff-appellant timely requested an administrative review of the decision made on April 27, 2019 by the Retailer Operations Division.

18. There is no evidence that Royal One Stop did not have in place an effective compliance program throughout its SNAP enrollment nor was the standard of 7 CFR Section 278.6(e)

3

(5)"… due to carelessness or poor supervision by the firm's ownership or management." proven because the cashier declined to traffick in cash back, at the last visit on 7/26/18 under circumstances where there was a total sale of $12.50 with no charge for the paper product.

19.     By letter dated July 23, 2019 Robert T. Deegan, Administrative Review Officer sustained the Six (6) month disqualification to participate as an authorized dealer in SNAP.

20.     Upon notice of the letter dated July 23, 2019 Robert T. Deegan, Administrative Review Officer which sustained the six (6) month disqualification to participate as an authorized dealer in SNAP, a final administrative determination, Royal One Stop Supermarket Corp., PlaintiffAppellant timely files suit in this court in order to reverse the Six (6) month disqualification to participate as an authorized dealer in SNAP, and restore its ability to accept its customers' SNAP benefits.

21.     The final decision of USDA and FNS against Royal One Stop Supermarket Corp., PlaintiffAppellant has accordingly exhausted **all** administrative remedies.

22.     It is respectfully submitted there is no rational basis to impose a six (6) month disqualification *(especially where the sum in controversy is $37.34 which in addition to eligible foods, included common ineligible non-food items for the period July 17, 2018 to July 26, 2018)* therefore Plaintiff -Appellant is seeking a judicial review of the Final Agency Decision of the USDA, FNS, to impose a six (6) month suspension on Plaintiff-Appellant Royal One Stop Supermarket Corp.'s, participation as an authorized retailer in the Supplemental Nutrition Assistance Program ("SNAP").

23.     Royal One Stop Supermarket Corp., Plaintiff-Appellant specifically denies the allegations contained in the letter dated July 23, 2019 Robert T. Deegan, Administrative Review Officer final administrative decision, which sustained the six (6) month disqualification to participate as an authorized dealer in SNAP, a final administrative determination, and further states that said determinations were arbitrary and capricious and failed to weigh evidence presented in the appeal letter by Royal One Stop Supermarket Corp., Plaintiff-Appellant with Exhibits annexed..

        **WHEREFORE**, Royal One Stop Supermarket Corp., Plaintiff-Appellant requests this court (1) enter an order staying the administrative action, (2) afford judicial review of the final agency action by trial de novo, (3) enter an order invalidating the final agency action, or alternatively a civil money penalty in lieu of the six (6) month disqualification to participate as an authorized dealer in SNAP, (4) award attorney's fees and costs to Plaintiff-Appellant (5) grant any other and further relief that this court deems just and equitable.

Dated: New York New York
    August 7, 2019
    By: /s/ Arthur Morrison

Morrison Law Offices of Westchester PC

1325 Avenue of the Americas
27th Floor
New York New York 10019
(T) 914-980-7244 (F) 212-382-6642
Email lawnvu63@gmail.com